# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARHAD SIMPSON,<br>                Plaintiff,<br><br>v.<br><br>PHILADELPHIA SHERIFF'S OFFICE, a/k/a OFFICE OF THE SHERIFF, CITY AND COUNTY OF PHILADELPHIA, a/k/a CITY OF PHILADELPHIA, a/k/a COUNTY OF PHILADELPHIA, SHERIFF JEWELL WILLIAMS, AND JOHN DOE SHERIFF'S OFFICER OPERATING SHERIFF'S VAN,<br>                Defendants. | CIVIL ACTION NO. 18-1272 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                                                                          **January 7, 2019**

Plaintiff Farhad Simpson, by and through his counsel, filed suit against the City of Philadelphia ("the City")[1], Sheriff Jewell Williams, and John Doe Sheriff's Officer Operating Sheriff's Van ("JDSO"), asserting claims of negligence, recklessness, intentional infliction of emotional distress ("IIED"), and deliberate indifference in violation of the United States Constitution and the Pennsylvania Constitution. The City and Sheriff Williams filed a motion to dismiss Plaintiff's Complaint. Upon consideration of their motion, Plaintiff's response thereto,

---

[1] Plaintiff's Complaint also refers to a Defendant "Philadelphia Sheriff's Office, a/k/a Office of the Sheriff." Defendants' brief notes that the Philadelphia Sheriff's Office does not have an independent corporate existence from the City, such that any claims should solely be brought against the City. Other district courts within the Third Circuit have found that when a plaintiff sues both the Philadelphia Sheriff's Office and the City, the claims against the Sheriff's Office merge with the claims against the City. *See* 53 Pa. Stat. Ann. § 16257 (providing that "[no department of the city of Philadelphia] shall be taken to have . . . a separate corporate existence, and hereafter all suits growing out of their transactions . . . shall be in the name of the city of Philadelphia"); *Butterline v. Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n*, No. 15-1429, 2018 WL 1705957, at *1 (E.D. Pa. Apr. 6, 2018); *see also Frazier v. City of Phila.*, Nos. 04-3648, 06-1497, 2006 WL 3000959, at *1 (E.D. Pa. Oct. 18, 2006) (finding that the Philadelphia Sheriff's Office was not a suitable entity, but that the City and its employees were). Thus, the Court will construe any claims against the Office of the Sheriff as falling within the scope of the City.

and parties' oral arguments presented at a hearing held on December 12, 2018, the motion will be granted in part and denied in part.

I. BACKGROUND[2]

Plaintiff was incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), which is owned and controlled by the City. CFCF maintains a contract with the Philadelphia Sheriff's Office ("PSO") whereby PSO provides transportation for CFCF inmates.

On February 25, 2016, PSO arrived at CFCF to transport Plaintiff in one of its sheriff vans, which was being operated by an unknown PSO employee. Defendants, acting through the employee, allegedly forced Plaintiff to sit in the back of the van without a seatbelt, handcuffed Plaintiff to another inmate, and placed Plaintiff too close to the seat in front of him, such that his knees were in an uncomfortable position. According to Plaintiff, the van itself was in a dangerous and defective condition, as the seatbelts were unusable and the seats were too close together. Plaintiff protested as to these safety violations, but his complaints were ignored.

The employee allegedly crashed the van into a parked truck in the CFCF parking lot as a result of speeding. The collision, in combination with the way in which Plaintiff was placed in the van, caused Plaintiff to spring out of his seat and hit internal parts of the van, resulting in numerous severe and permanent bodily injuries and emotional distress. Plaintiff alleges that he timely served a Tort Claim Notice on Defendants and properly apprised Defendants of the claims in the Complaint.

Plaintiff originally filed suit in the Court of Common Pleas of Philadelphia County against the City, Sheriff Jewell Williams, and the unidentified employee, asserting claims of

---

[2] The following facts, alleged in Plaintiff's Complaint, are construed in the light most favorable to Plaintiff as the non-moving party.

negligence (Count I), recklessness (Count II), IIED (Count III), and deliberate indifference in violation of the United States Constitution and the Pennsylvania Constitution (Count IV). The City and Sheriff Williams removed the case to federal district court, pursuant to federal-question jurisdiction. The City now moves to dismiss Counts II, III, and IV, and Sheriff Williams moves to dismiss all counts against him.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to demonstrate that he is entitled to relief.[3] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4] Courts are not, however, bound to accept as true legal conclusions framed as factual allegations.[5] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[7] Deciding a motion to dismiss, courts may consider "only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."[8]

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[4] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[5] *Twombly*, 550 U.S. at 555, 564.

[6] *Id.* at 570.

[7] *Id.* at 562 (internal quotation marks and citations omitted).

[8] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Brown v. Daniels,* 128 F. App'x 910, 913 (3d Cir. 2005) (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

## III. DISCUSSION

As a preliminary matter, the City and Sheriff Williams asserted in a recent supplemental memorandum, and at the hearing on December 12, 2018, that the instant case should be dismissed in its entirety pursuant to the doctrine of *res judicata*, because Plaintiff previously filed a similar lawsuit in this District, which was dismissed.[9] That previous lawsuit, however, was not a final judgment on the merits and therefore does not bar the present lawsuit.

*Res judicata* "requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies."[10] District courts within this Circuit and circuits have held that when a case is dismissed "without prejudice," the dismissal is not a final judgment on the merits for purposes of *res judicata*.[11] A dismissal based on a plaintiff's failure to serve defendants, then, is not a final judgment on the merits, as the Federal Rules of Civil Procedure require that dismissal on such a basis be without prejudice.[12]

The earlier case was dismissed because Plaintiff failed to effectuate service on the Defendants.[13] Although the City and Sheriff Williams argue that the order did not specifically state whether the case was dismissed with or without prejudice, the order expressly explains that failure to serve was the reason for dismissing the case. Without further support to suggest that

---

[9] The Honorable Mitchell S. Goldberg presided over that case, docketed as Civil Action No. 16-4280.

[10] *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009) (citing *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990)).

[11] *See Bamgbose v. Delta-T Grp., Inc.*, 724 F. Supp. 2d 510, 519 (E.D. Pa. 2010) (citations omitted) ("Res judicata . . . [is] not triggered when a court decides something without prejudice; rather, [it] require[s] final judgment[]."); *Fannie v. Chamberlain Mfg. Corp., Derry Div.*, 445 F. Supp. 65, 74 (W.D. Pa. 1977) (citing *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3 (5th Cir. 1974); *Sack v. Low*, 478 F.2d 360 (2d Cir. 1973)) ("A dismissal without prejudice . . . does not determine the merits.").

[12] Fed. R. Civ. P. 4(m) (emphasis added); *Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 130 (3d Cir. 2018).

[13] No. 16-4280, Order [Doc. 26].

this order was intended to be a final judgment on the merits,[14] *res judicata* therefore does not preclude Plaintiff from proceeding with the instant case.[15]

### A. Negligence (Count I)

Sheriff Jewell Williams moves to dismiss Count I against him because he argues that he can only escape immunity under state law if he acted with "willful misconduct," and not negligence. Plaintiff contends that this claim falls under a vehicle liability exception that permits the negligence claim against Sheriff Williams to survive. While the vehicle liability exception may apply not only to negligence claims against local agencies, but also to negligence claims against its employees, the narrowly defined exception cannot apply to Plaintiff's negligence claim against Sheriff Williams.

Under the Political Subdivision Tort Claims Act ("PSTCA")[16], local agencies and their employees are generally immune from claims for damages based on an injury to a person, subject to certain exceptions.[17] An employee of a local agency, who acts within the scope of his

---

[14] In both briefing and oral argument, the City and Sheriff Williams claim that the previous case's dismissal order was under Rule 41(b), as opposed to Rule 4(m), as the case was dismissed "for lack of prosecution." The phrase "lack of prosecution" is directly used in Rule 41(b), which states that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." These Defendants argue that the use of the phrase found in Rule 41(b), along with the lack of such phrase in Rule 4(m), evidences that the case was dismissed under Rule 41(b).

These Defendants fail to acknowledge the informal and practical manner in which "lack of prosecution" has been used by district courts from this Circuit to dismiss cases with *and* without prejudice. *See, e.g.*, *Lawrence v. Mental-Health Doctor*, No. 12-642, 2013 WL 1285461, at *2 n.5 (E.D. Pa. Mar. 28, 2013) ("I will dismiss the entire action without prejudice for lack of prosecution as to those parties who the Plaintiff has yet to serve in accordance with Rule 4(m)."). The order itself also does not mention the Supreme Court's six factors that district courts are to analyze under Rule 41(b) to determine whether dismissal is appropriate. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Thus, other than simply stating a phrase that is found in Rule 41(b), the City and Sheriff Williams have not convinced the Court that this order is anything other than a dismissal without prejudice for failure to serve, under Rule 4(m).

[15] Additionally, there are no statute of limitations issues that would serve to bar this case from moving forward.

[16] 42 Pa. C.S. § 8541 *et seq.*

[17] 42 Pa. C.S. §§ 8541, 8545.

office or duties, enjoys immunity "*only to the same extent as his employing local agency*."[18] If the claim against the local agency falls within an exception, then a claim against an employee of that local agency may proceed as well.

The relevant exception here provides that a local agency, such as the City, can be held liable for "[t]he [negligent] operation of any motor vehicle in the possession or control of the local agency."[19] It only applies to an injury "caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties."[20] The Supreme Court of Pennsylvania has narrowly defined the exception to require "not only that a government employee operated the vehicle, but also that the injury was caused by the employee's negligent act."[21]

In this case, the unidentified driver of the PSO van allegedly crashed into a truck in the parking area of CFCF,[22] and failed to secure Plaintiff in the van, causing Plaintiff to soar out of his seat and sustain injuries when he hit internal parts of the PSO vehicle.[23] These allegations squarely fit under the vehicle liability exception against the City, and therefore apply to the same extent against the driver.

Since Plaintiff does not provide any allegations that Sheriff Williams was personally operating the vehicle, however, Sheriff Williams maintains his immunity as to Plaintiff's negligence claim against him. Plaintiff only alleges that Sheriff Williams negligently permitted

---

[18] 42 Pa. C.S. § 8545 (emphasis added).

[19] *Mantua Cmty. Planners v. City of Phila.*, No. 12-4799, 2016 WL 3227643, at *9 (E.D. Pa. June 13, 2016) (citing 42 Pa. C.S. § 8542(b)(1)).

[20] 42 Pa. C.S. § 8542(a)(2).

[21] *See Ballentine v. Chester Water Auth.*, 191 A.3d 799, 810 (Pa. 2018) (overruling its long-standing decision that a vehicle must be "in motion" under the exception, as stated in *Love v. City of Phila*, 543 A.2d 531, 533 (Pa. 1988)).

[22] Compl. ¶ 9.

[23] *Id.* ¶ 10.

this dangerous and defective van to be used to transport inmates, and that he negligently hired, retained, trained, and supervised the sheriff's officers who were operating these vans.[24] As an employee of a local agency enjoys immunity "to the same extent as his employing local agency,"[25] Plaintiff has not alleged that Sheriff Williams operated the vehicle, and has not cited any Pennsylvania cases that would allow the alleged acts to fit within the statute's narrow definition as to the operation of the vehicle. Plaintiff's claim of negligence against Sheriff Williams in Count I is thus dismissed without prejudice.

### B. Recklessness and IIED (Counts II and III)

#### 1. Claims Against the City

Plaintiff avers that the City does not have governmental immunity as to intentional torts because the City can be vicariously liable for the intentional conduct of its employees. However, although there is a statutory abrogation of immunity as to individual employees for certain intentional tort claims against them under the PSTCA,[26] there is no analogous provision as to local agencies.[27] The only exceptions to local agency immunity under the PSTCA apply to claims of "*negligent* acts," and not intentional conduct.[28] Therefore, Counts II and III are dismissed with prejudice against the City.[29]

---

[24] *Id.* ¶¶ 5, 14, 31.

[25] 42 Pa. C.S. § 8545.

[26] 42 Pa. C.S. § 8550.

[27] *Smith v. City of Chester*, 851 F. Supp. 656, 659 (E.D. Pa. 1994) (citation omitted); *see also Weaver v. Franklin Cty.*, 918 A.2d 194, 200 (Pa. Commw. Ct. 2007), *appeal denied*, 931 A.2d 660 (Pa. 2007) (concluding that the county was immune from liability for inmate's claim of IIED).

[28] 42 Pa. C.S. § 8542(a)(2) (emphasis added).

[29] *See Bowers v. City of Phila.*, No. 06-3229, 2008 WL 5210256, at *8 (E.D. Pa. Dec. 12, 2008) ("Governmental immunity . . . attaches to Plaintiff's claims of intentional infliction of emotional distress and recklessness [against the City of Philadelphia]."); *see also Gaul v. Cons. Rail Corp.*, 556 A.2d 892, 898 (Pa. Super. Ct. 1989), *appeal denied*, 571 A.2d 383 (Pa. 1989) (noting that "reckless" conduct connotes intentional conduct).

## 2. Claims Against Sheriff Williams

Defendant Sheriff Williams contends that recklessness is not a recognized cause of action under Pennsylvania law, and that Plaintiff has failed to allege any facts about Sheriff Williams to sustain a claim of IIED. Plaintiff counters that recklessness is only averred as a basis for punitive damages, and that intentional infliction of emotional distress was exuded through careless, reckless driving and a lack of safety precautions.

As recklessness does not generally give rise to a separate tort under Pennsylvania,[30] but rather applies to obtaining punitive damages,[31] Plaintiff's claim of recklessness against Sheriff Williams in Count II is dismissed without prejudice.

Plaintiff's claim of IIED in Count III is also dismissed without prejudice. Pennsylvania recognizes a tort for IIED.[32] To state a claim for IIED, a plaintiff must allege that (1) defendant's conduct was intentional or reckless; (2) defendant's conduct was extreme and outrageous; (3) defendant's conduct caused emotional distress; and (4) the resultant emotional distress was severe.[33] At the pleading stage, the court is "to decide as an initial matter whether the conduct at issue can reasonably be regarded as sufficiently extreme to constitute 'outrageousness' as a matter of law."[34] Courts have limited "outrageous" conduct to that which

---

[30] *Archibald v. Kemble*, 971 A.2d 513, 519 (Pa. Super. Ct. 2009).

[31] *See Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984) (quoting Restatement (Second) of Torts, § 908(2)) ("Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.").

[32] *See, e.g.*, *Bartanus v. Lis*, 480 A.2d 1178, 1184 (Pa. 1984) (collecting cases).

[33] *Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 914 (3d Cir. 1982) (citing *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)).

[34] *Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 427 (E.D. Pa. 2000) (citations omitted).

goes "'beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community.'"[35]

While at this time Plaintiff has alleged a claim of IIED against the van's driver, the Complaint is devoid of factual allegations to support any engagement by Sheriff Williams in intentional or reckless conduct. Because factual allegations must sufficiently raise a right to relief beyond the speculative level,[36] Plaintiff's lack of any factual allegations against Sheriff Williams must result in dismissing the IIED claim in Count III, without prejudice.

### C. Section 1983 (Count IV)[37]

#### 1. Claim Against the City

The City argues that Plaintiff has failed to state a claim under 42 U.S.C. § 1983, by not alleging a municipal policy or custom of the City that caused Plaintiff's injuries. The Court disagrees.

Section 1983 liability against a municipal entity cannot be based on a theory of respondeat superior or vicarious liability.[38] Rather, "[a] local government may be sued under § 1983 only for acts implementing an official policy, practice or custom."[39] A municipality,

---

[35] *Fugarino v. Univ. Servs.*, 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000) (quoting *Clark v. Twp. of Falls*, 890 F.2d 611, 623 (3d Cir. 1989)).

[36] *Twombly*, 550 U.S. at 555.

[37] Neither party addresses that Plaintiff has included violations of the Pennsylvania Constitution for deliberate indifference and cruel and unusual punishment. Compl. ¶ 30.

It is well settled that there is no private cause of action for damages under the Pennsylvania Constitution. *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011). To the extent that Plaintiff seeks monetary damages for violations under Pennsylvania law, such relief is barred. However, declaratory and injunctive relief are available for claims under the Pennsylvania Constitution. *Id.* at 688; *Cornish v. City of Phila.*, No. 14-6920, 2015 WL 3387052, at *9 (E.D. Pa. May 26, 2015). Since Plaintiff also demands injunctive relief in the form of a court order, forcing Sheriff Williams and the City to change their policies and customs to prevent future incidents, that relief shall survive at this stage.

[38] *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[39] *Losch v. Borough of Parkesburg, Pa.*, 736 F.2d 903, 910 (3d Cir. 1984) (citing *Monell*, 436 U.S. at 690–91).

such as the City, can only be held liable for constitutional violations by its employees when the acts performed are (1) part of a policy promulgated by the municipality or appropriate officer or where the actions are pursuant to governmental custom; (2) performed by an official with policymaking responsibilities, though no rule has been announced as policy; or (3) performed by a policymaking official who acquiesces to a well-established custom that violates a constitutional right, such that the policymaker was deliberately indifferent to a serious need.[40]

The City first argues that Plaintiff fails to plead any factual allegations regarding a municipal policy or custom, as required under *Monell*. A "policy" exists when a municipal decision-maker with final authority issues an official proclamation or edict.[41] A "custom" exists when "practices of state officials [are] so permanent and well settled as to virtually constitute law."[42] "Vague assertions" of a policy or custom are not sufficient to impose liability.[43] A plaintiff "must . . . specify what exactly that custom or policy was."[44]

Plaintiff has adequately stated a claim for conduct that is both allegedly part of a policy officially adopted and promulgated by the City's officers, and a governmental custom. In his Complaint, Plaintiff pleads that for years, the City and Sheriff Williams permitted employees to engage in "repeated similar illegal behavior in the unsafe transport of inmates . . . with actual or constructive knowledge of such pervasive behavior," which created "a pervasive practice, custom and pattern of highly unsafe transport of inmates."[45] Plaintiff further alleges that the City

---

[40] *Beard v. Phila., Pa. Cty. Prison Sys.*, No. 14-4129, 2015 WL 3929630, at *3 (E.D. Pa. June 25, 2015) (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003)).

[41] *Kelly v. Borough of Carlisle*, 622 F.3d 248, 263 (3d Cir. 2010).

[42] *Id.* (internal citations omitted).

[43] *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995).

[44] *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

[45] Compl. ¶ 31.

10

and Sheriff Williams had written and unwritten policies that prompted the unconstitutional conduct in transporting inmates.[46]

The City also argues that Plaintiff fails to state a *Monell* claim because the Complaint does not allege conduct by a specific policymaker involved in the formation of a custom or policy. "[A] plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."[47] To determine whether an official is a policymaker, a court must ask whether, as a matter of state law, the official is responsible for making policy in the particular area of municipal business in question.[48] Then, the court must ask whether the official's authority to make the policy is "final and unreviewable."[49]

Based on the allegations in the Complaint, Sheriff Jewell Williams had policymaking responsibilities. Plaintiff alleges that the City *and* Sheriff Williams "allowed their employees and underlings to engage in repeated similar illegal behavior in the unsafe transport of inmates."[50] This not only highlights the leadership role of Sheriff Williams, but it also alleges a deliberate acquiescence by Sheriff Williams to the continued custom of his subordinate employees in violating constitutional rights. In conjunction with allegations that "defendants had in place written and unwritten policies that prompted said unconstitutional conduct," Plaintiff has sufficiently alleged at this stage that Sheriff Williams had decision-making abilities to set forth

---

[46] *Id.*

[47] *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Andrews v. City of Phila.*, 895 F.2d 1469,1480 (3d Cir. 1990)).

[48] *Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) (citations omitted).

[49] *Id.* (citations omitted).

[50] Compl. ¶ 31.

the safety procedures regarding the transport of inmates. Thus, the City's motion as to Count IV is denied.

### 2. Claim Against Sheriff Williams

#### a. Official Capacity Claim Against Sheriff Williams

To the extent that Plaintiff alleges claims against Sheriff Williams in his official capacity, the Court finds that those allegations are barred. The Supreme Court has held that official capacity suits are simply another way of pleading an action against an entity of which an officer is an agent.[51] As long as a government entity receives notice of the suit and an opportunity to respond to it, an official capacity suit should be treated as a suit against the government entity itself.[52] Plaintiff's claims against Sheriff Williams in his official capacity are therefore redundant with his claim against the City itself and are dismissed with prejudice.

#### b. Individual Capacity Claim Against Sheriff Williams

Sheriff Williams argues that Plaintiff cannot sustain a § 1983 claim because of a failure to allege his personal involvement in the alleged violations of Plaintiff's constitutional rights. The Court disagrees.

In order to allege § 1983 liability against a municipal employee in his or her individual capacity, a plaintiff must allege the existence of personal involvement.[53] Section 1983 "liability cannot be predicated solely on the operation of respondeat superior."[54] Personal involvement

---

[51] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell*, 436 U.S. at 690 n.55.

[52] *Kentucky*, 473 U.S. at 166.

[53] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[54] *Chimenti v. Pa. Dep't of Corrs.*, No. 15-3333, 2016 WL 1125580, at *5 (E.D. Pa. Mar. 21, 2016) (quoting *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

may be shown through allegations of personal direction or of actual knowledge and acquiescence.[55] Such allegations must be made with appropriate particularity.[56]

Plaintiff's alleges that Sheriff Williams, who was in charge of and responsible for his employees at all relevant times, facilitated the policies and customs regarding the unsafe transport of inmates,[57] failed to take corrective action, and failed to properly train, supervise, or discipline those under his supervision, which helped create the alleged unconstitutional conduct.[58] Plaintiff therefore has alleged at least actual knowledge and acquiescence on the part of this Defendant, and therefore personal involvement. Thus, to the extent that Sheriff Williams is being sued under § 1983 in his individual capacity, his motion as to Count IV is denied.

## IV.  LEAVE TO AMEND

The Third Circuit has held that in civil rights cases, the Court must allow amendment, unless doing so would be inequitable or futile.[59] The Court will therefore permit Plaintiff to file a curative amendment with respect to Counts I, II, and III as they relate to Sheriff Williams, since those claims are dismissed without prejudice against Sheriff Williams.

## V.  CONCLUSION

For the foregoing reasons, the City's and Sheriff Williams' motion to dismiss is granted in part and denied in part. Plaintiff is granted leave to file an Amended Complaint.

An order follows.

---

[55] *Evancho*, 423 F.3d at 353 (citing *Rode*, 845 F.2d at 1207); *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).

[56] *Rode*, 845 F.2d at 1207–08 (citations omitted); *see also Bush v. Dep't of Human Servs.*, 614 F. App'x 616, 620 (3d Cir. 2015) (providing that a conclusory allegation that a defendant was "directly involved" is not sufficient for purposes of alleging personal involvement).

[57] Compl. ¶¶ 3, 31.

[58] *Id.* ¶ 31.

[59] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).