# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARHAD SIMPSON,<br>    Plaintiff,<br><br>v.<br><br>PHILADELPHIA SHERIFF'S OFFICE, a/k/a CITY OF PHILADELPHIA, AND SHERIFF JEWELL WILLIAMS, AND DEPUTY SHERIFF'S OFFICER DAVID CERVINO,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 18-1272 |

## MEMORANDUM OPINION

**Rufe, J.**                                   **July 30, 2019**

   Plaintiff, who has been represented by counsel throughout this case, filed suit against the City of Philadelphia, Sheriff Jewell Williams, and Deputy Sheriff's Officer David Cervino, asserting claims of negligence, recklessness, intentional infliction of emotional distress, and deliberate indifference in violation of the United States Constitution and the Pennsylvania Constitution. After multiple rounds of motions to dismiss, Plaintiff's remaining claims relate to allegations of deliberate indifference.[1]

   Plaintiff has repeatedly failed to prosecute this case. First, Plaintiff did not effect timely service of the summons and the operative Amended Complaint upon Defendant Cervino, and never responded to the Court's Order to show cause as to why this Defendant should not be dismissed for failure to prosecute.[2]

---

[1] *See generally* Mem. Op. [Doc. No. 10]; Order [Doc. No. 15].
[2] Order [Doc. No. 21].

Next, a settlement conference was scheduled for June 26, 2019 before Magistrate Judge Carol Sandra Moore Wells. Because Plaintiff and his counsel did not appear for the conference,[3] which was scheduled in an order dated May 14, 2019,[4] this Court ordered Plaintiff and his counsel to show cause as to why this case should not be dismissed for failure to prosecute no later than July 12, 2019.[5] No response was filed.

Plaintiff also failed to participate in discovery, which was set to close on July 8, 2019. Defendants' counsel filed a motion to compel Plaintiff's deposition and discovery responses on July 8, 2019.[6] Again, Plaintiff filed no response.

In determining whether the harsh sanction of dismissal is appropriate where the Plaintiff has failed to prosecute, the Court weighs the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claims or defenses.[7]

Each factor need not weigh in favor of dismissal for the Court to dismiss a case.[8] Here, Plaintiff was required to appear personally for the settlement conference and did not. Defendants' motion also suggests that Plaintiff's counsel stated he had been unable to reach Plaintiff. Defendants are prejudiced by Plaintiff's failure to prosecute his case, as such inaction "frustrates and delays the

---

[3] According to Defendants, "[t]hat morning Plaintiff's counsel called Judge Wells' chambers, as well as defense counsel, to inform them that he could not get in contact with his client and request that the conference be canceled. On a conference call later that afternoon, Plaintiff's counsel explained that he had not been in contact with his client and he was having trouble reaching him." Defs.' Mot. to Compel [Doc. No. 27] at 3.

[4] Order [Doc. No. 22].

[5] Order [Doc. No. 26]. The Order also stated that failure to respond would result in dismissal of Plaintiff's case. *Id.*

[6] Defs.' Mot. to Compel [Doc. No. 27].

[7] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

[8] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).

resolution of this action."[9] There has been a repeated failure to respond to motions or court orders. Although Plaintiff has asserted some meritorious claims, without any communication from Plaintiff in response to the Court's Orders to Show Cause, or to respond to discovery or appear for a deposition or settlement conference, the case cannot proceed at this time.[10] Thus, upon balancing all of the factors and considering that without Plaintiff's participation there are no appropriate alternative sanctions, the Court will dismiss the case without prejudice.[11]

An order will be entered.

---

[9] *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

[10] *Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990).

[11] *Briscoe v. Klaus*, 538 F.3d 252, 262–63 (3d Cir. 2008).